IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 26, 2012 Session

IN RE ESTATE OF ROBERT BEAZLEY, JR.

Appeal from the Circuit Court for Davidson County
No. 05P399    David Randall Kennedy, Judge

No. M2011-01914-COA-R3-CV - Filed July 24, 2012

This case concerns a dispute over attorney's fees.  Attorney, who was hired to represent a client in connection with the probate of her uncle's estate, sued his former client and the beneficiaries of the estate under theories of civil conspiracy and inducement of breach of contract.  Court found in favor of attorney and held the attorney was entitled to $20,000 in damages.  The court trebled the damages in accordance with Tenn. Code Ann. § 47-50-109.  Finding that the evidence preponderates against the trial court's holding regarding inducement of breach of contract, we reverse the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and BEN H. CANTRELL, SP. J., joined.

William Bruce Bradley, Brentwood, Tennessee, for the Appellants, Richard Vernon Beazley and Linda Ann Anderson.

Robert John Notestine, III, Nashville, Tennessee, for the Appellee, Dennis C. Wright.

**MEMORANDUM OPINION[1]**

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## FACTUAL BACKGROUND

On March 10, 2005, Linda Beazley Anderson ("Ms. Anderson"), niece of Robert L. Beazley ("Decedent"), hired attorney Dennis Wright to represent her in connection with the probate of the estate of her uncle, who died on March 2, 2005. Mr. Wright and Ms. Anderson entered into a contract for attorney's fees which stated, in relevant part: "Client agrees to pay attorney fee of forty percent (40%) of the first $200,000.00 and twenty-five percent (25%) of the recovery, whether by trial or settlement."

At the time of his death, the Decedent owned, among other things, real property and several annuities with a cash value in excess of $500,000. Mr. Wright filed a petition to probate the Decedent's will, and Richard V. Beazley ("Richard"), Ms. Anderson's father and Decedent's brother, filed a competing petition to probate. On March 24 the Decedent's will was admitted to probate and John Clemons appointed Administrator, c.t.a. William Beazley was the principal beneficiary of Decedent's will,[2] and Ms. Anderson and her husband Timothy Anderson were listed as beneficiaries on several of Decedent's annuities.

In August 2005, Richard and Ms. Anderson, without the assistance of counsel, negotiated a settlement agreement regarding the distribution of Decedent's estate. The handwritten agreement, signed by Mr. and Ms. Anderson stated, in relevant part as follows: "In consideration of ten dollars and other valuable consideration we Linda Ann Anderson and Timothy Anderson agree to drop all claims against Robert L. Beazley Jrs.' estate and annuities and real estate. We Linda Ann Anderson and Timothy Anderson will be responsible for the attorneys fees for Dennis Wright." In November 2005, Mr. Wright entered into a second contract for attorneys fees with Mr. and Ms. Anderson.

On February 15, 2006, Mr. Wright filed a motion requesting that he be permitted withdraw as counsel for Ms. Anderson, stating that Ms. Anderson had "discharged him."[3]

---

[2] Decedent's Last Will and Testament stated in pertinent part, as follows:

I, Robert L. Beazley, being of sound mind and solely responsible for my financial affairs, do hereby will my entire estate to my brother William D. Beazley, with the following exceptions:

    1. Any annuities shall be paid as directed in their respective beneficiary designations without challenge. . . .

[3] Mr. Wright had filed a motion to withdraw in October 2005 on the ground that "the petitioner [Ms. Anderson] is negotiating with the heirs at law of the decedent and he [Mr. Wright] believes that such negotiations have been brought about by coercion."

On March 10 he filed a motion asking the court to fix the amount of his fees; he attached to the motion a copy of the November 2005 contract. The record does not include the order allowing Mr. Wright to withdraw; however, on April 7 the court entered an Order awarding Mr. Wright $27,065.00 in attorney's fees.[4]

On May 17, 2006, an "Agreed Order to Resolve the Contest of Ownership of Estate Assets and Annuities of Robert L. Beazley, Jr." was entered closing the estate and distributing Decedent's assets. The Agreed Order, which was signed by or on behalf of Richard V. Beazley, William D. Beazley, John Clemmons, Ms. Anderson, Mr. Anderson, Continental Insurance Company, Jackson National Life Insurance Company and Physicians Mutual Life Insurance Company, provided, *inter alia*, that Mr. and Ms. Anderson would not take as beneficiaries of the Decedent's annuities and that they were divested of any interest in Decedent's real property.

## PROCEDURAL HISTORY

Mr. Wright initiated the suit giving rise to this appeal in December 2006 against the beneficiaries of the estate—Richard, William Beazley (the decedent's brother), and Ms. Anderson (collectively referred to as "the Defendants"). On February 12, 2007, Mr. Wright filed an Amended Complaint alleging that the Defendants "conspired to defraud" him of his fee by preparing a false Agreed Order concealing the true amount of the settlement Ms. Anderson was to receive from Decedent's estate. Mr. Wright alleged that Ms. Anderson actually received an annuity valued at approximately $80,000.

Following a six day bench trial, the court entered judgment for Mr. Wright, finding, in pertinent part, as follows:

2. That this Court is clearly and totally convinced and finds that [Richard] knew he was interfering with the contract that his daughter, [Ms. Anderson] . . . held with the Plaintiff.

---

[4] The Order awarding attorney's fees stated:

This cause came on to be heard on this 7th day of April 2006 before The Honorable Randy Kennedy, Judge, upon the motion filed by Dennis Wright for the court the court [sic] to fix the amount of his fee in this matter pursuant to the court's Order of February 24, 2006; the affidavit of services rendered; statement of counsel; and the entire record n this cause; and, from all of which the court finds that, pursuant to his contract with Linda Anderson and the proof heretofore heard by the court regarding the settlement made by Linda Anderson and Richard Beazley and William Beazley, the court finds that the fee of Dennis Wright for services rendered to Linda Anderson should be in the amount of $27,065.00.

3. That the actions of . . . [Ms. Anderson and Richard] . . . were indeed a conspiracy to deprive Mr. Wright of his property rights under a contract and fee agreement.

4. That the acts of . . . [Ms. Anderson and Richard] . . . relative to the creation of a settlement agreement on August 31, 2005 was an act of civil conspiracy and inducement to breach the contract with the Plaintiff.

5. That the Plaintiff, Dennis Wright is entitled to an award of damages pursuant to a breach of contract as provided in to [sic] T.C.A. 47-50-109 and according to the law of civil conspiracy.

6. That this Court finds that the elements of procurement of breach of contract have been proved in this case in that (1) there was a legal contract between Mr. Wright and Linda Beazley Anderson (2) Defendant Richard Beazley clearly knew of the contract (3) Defendant Richard Beazley knew that by getting his daughter to sign the settlement agreement that he was cutting off fees owed to Mr. Wright (4) the very nature of Mr. Beazley calling the meeting to have the settlement agreement signed at a bank was an act of malice on his part (5) the contract was clearly breached (6) the actions of conspiracy were the proximate cause of the breach and that this Court cannot concluded [sic] otherwise (7) Mr. Wright testified he would have reduced his fees to $20,000.00 if Linda Beazley Anderson had not breached the contract with him and this Court has determined that damages in the amount of $20.000.00 were suffered by Mr. Wright, and he is entitled to recover this sum.

The court awarded damages in the amount of $20,000, which it then trebled pursuant to Tenn. Code Ann. § 47-50-109.[5]  Ms. Anderson and Richard appeal.

## ANALYSIS

We review the trial court's findings of fact *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d).  Our review of the trial court's determinations regarding questions of law is *de novo* with no presumption of correctness. *See Staples v. CBL Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

---

[5] The court dismissed the complaint as to William Beazley finding there was not sufficient evidence to render a judgment against him.

## INDUCEMENT OF BREACH OF CONTRACT

The pivotal issue on appeal is whether the evidence preponderates against the trial court's holding that the elements of inducement of breach of contract were satisfied.[6] In order to prevail on a claim for inducement of breach of contract, a plaintiff must prove the following:

> 1) there must be a legal contract; 2) the wrongdoer must have knowledge of the existence of the contract; 3) there must be an intention to induce its breach; 4) the wrongdoer must have acted maliciously; 5) there must be a breach of the contract; 6) the act complained of must be the proximate cause of the breach of the contract; and, 7) there must have been damages resulting from the breach of the contract.

*Myers v. Pickering Firm, Inc.*, 959 S.W.2d 152, 158 (Tenn. Ct. App. 1997).

The instrument upon which Mr. Wright bases his claim for inducement of breach of contract is the contract for attorney's fees signed by Ms. Anderson and Mr. Wright on March 10, 2005.[7] The agreement reads, in pertinent part, as follows:

> Client agrees to pay to attorney fee of forty percent (40%) of the first $200,000.00 and twenty-five percent of the recovery, whether by trial or settlement. The fee does not include services for an appeal, retrial or trial of related matters, and if such become necessary a new agreement will be necessary.

> The client also agrees to separately pay necessary expenses and disbursements as they are incurred and billed. These may include, but are not limited to, fees

---

[6] Tenn. Code Ann. § 47-50-109, entitled "Inducement of breach of contract; damages" provides as follows:

> It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of the contract. The party injured by such breach may bring suit for the breach and for such damages.

[7] It is apparent that Mr. Wright's suit is predicated on the March 2005 contract, rather than the contract executed in November 2005, because he alleges that the inducement of the breach of contract occurred in August 2005.

for private investigators, expert witnesses, court reporters, photocopies, postage and long distance telephone calls which the attorney considers necessary for proper preparation and defense of this case.

In the event services of the attorney are terminated or dispensed with for any cause other than the attorney's inability to perform, the fee paid shall be deemed earned and no part returned.

The court found that Richard induced Ms. Anderson to breach the contract between she and Mr. Wright and thereby defrauded Mr. Wright of the contingency fee provided for in the contract. The Court determined that Mr. Wright sustained damages in the amount of $20,000. We have reviewed the record and the evidence does not support the trial court's conclusion that the March 2005 contract was breached.

The trial court summarily concluded that the contract between the parties was breached, however the court made no findings to support its conclusion. "The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (citing *Custom Built Homes v. G.S. Hinsen Co., Inc.*, No. 01A01-9511-CV-00513, 1998 WL 960287 (Tenn. Ct. App. Feb.2, 1998)). Neither party disputes the existence of an enforceable contract; however, Ms. Anderson contends that the contract was not breached because she never received the $80,000 annuity and was therefore not obligated to pay Mr. Wright a contingency fee.

While there is evidence in the record to support a finding that Ms. Anderson and Richard discussed the possibility of Ms. Anderson receiving an $80,000 annuity, we have laboriously reviewed the record and have found no evidence that Ms. Anderson in fact received the annuity. For example, when testifying regarding the Decedent's annuities, William Beazley stated as follows:

Q: Who they were payable to, the annuities? The annuities generally have a beneficiary or person payable to.
A: Well. Based on the court ruling, they were payable to me. Based on the court's decision in the probate trial, from the probate trial.
Q: And did you agree to share that money with anybody else at any time?
A: No, sir.
. . .
Q: I guess back to the same line of questioning. Back in July and if you can think back and I know it's tough after this time, back in July of 05, I want to

make sure that you understand my question, did you negotiate at that time to split the estate with Linda or with anybody else?

A: Say that again.

Q: Back in July of 2005, did you negotiate to split up the estate, the assets of the estate, with Linda or anyone else?

A: No.

Likewise, Timothy Anderson testified[8] that Richard and Ms. Anderson agreed that Ms. Anderson would receive the $80,000 annuity, but he further testified that "nothing was ever done with that." Moreover, Ms. Anderson testified that she did not receive the annuity, and there were no bank statements or other evidence suggesting otherwise. Therefore, the evidence preponderates against the trial court's finding that the contract was breached.[9]

Finally, we consider Mr. Wright's civil conspiracy claim. An actionable claim for civil conspiracy requires "a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." *Trau-Med of Am., Inc. v. Allstate Ins. Co*, 71 S.W.3d 691, 703 (Tenn. 2002). Upon a finding of conspiracy, each conspirator is liable for the damages resulting from the wrongful acts of all co-conspirators in carrying out the common scheme. *Id.* (citing *Brown v. Birman Managed Care, Inc.,* 42 S.W.3d 62, 67 (Tenn. 2001)). However, participation in a civil conspiracy is not, by itself, an actionable tort; rather, such a claim requires "the existence of an underlying tort or wrongful act committed by one or more of the conspirators in furtherance of the conspiracy." *Stanfil v. Hardney*, No. M2004-02768-COA-R3-CV, 2007 WL 2827498, at *7 (Tenn. Ct. App. Sept. 27, 2007).

Here, the underlying basis of Mr. Wright's civil conspiracy claim is his claim for inducement of breach of contract. Because we have previously determined that the evidence does not support the court's holding that the contract was breached, we hold that the claim for civil conspiracy must fail.

---

[8] Timothy Anderson was not present to testify at trial, however, his deposition testimony was read at trial.

[9] In addition, any damages Mr. Wright claims to have suffered as a result of the alleged breach of the March 2005 attorney fee contract were mitigated by the April 17, 2006 court award of fees.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is REVERSED.

_____
RICHARD H. DINKINS, JUDGE